IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY HOPKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et. al.*<br><br>    Defendants. | Civil Action No. 2:23-cv-00986 |

## **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

It is hereby **STIPULATED AND AGREED** by and among counsel for the Plaintiff and Defendants in this matter that the following categories of items or information, which may be produced to Plaintiff's counsel in the course of discovery, are sensitive in nature due to security concerns of the Pennsylvania Department of Corrections (DOC) or Wellpath, LLC, and/or Plaintiff's status as an incarcerated person in the DOC with a disability, including:

a) Plaintiff's Inmate Cumulative Adjustment Record (ICAR); and

b) The records produced by Wellpath, which includes weekly and monthly meeting minutes of the BHCS/Wellpath MAT Committee, which sometimes is listed as only MAT Committee; Agendas for the monthly or weekly meetings and documents produced at the meetings, excel spreadsheets, documents and information on pilot programs or procedures; excel spreadsheets on diverters, Wellpath powerpoint presentations, service attendance records, records on diverters, DOC/Wellpath in person meetings, Sublocade Release Report, excel spreadsheet on naltrexone program, excel spreadsheet on suboxone report, expansion program information, any patient information inadvertently not redacted.

It is further **STIPULATED AND AGREED** that:

1. Any documents believed by the producing party to fit into one or more of the above categories shall be marked "Confidential" before production.

2. Counsel may jointly waive the above restrictions as to particular documents, things, or information upon request and agreement and the parties should make good faith efforts to reach such an agreement.

3. Any party or person may object, in writing, to the designation by another party or person of any information or material as "Confidential." Within seven days of receipt of such objection, the parties shall meet and confer and make a good-faith effort to resolve the issue. If the parties are unable to reach a resolution, the party or person seeking protection shall, by motion, within fourteen (14) days of receipt of the objection, apply to the Court for a ruling, based upon a showing of good cause that the information or material shall be treated as "Confidential" under governing legal standards. The party or person whose designations have been objected to also may move within 14 days to be given a reasonable time for reviewing the designated material to determine which documents, if any, will not be the subject of a good cause motion. The parties may agree to extend the fourteen-day deadline to file said motions. If no motion is filed within such period, the information or material shall not be treated as "Confidential." If a motion is filed within such period, unless and until this Court enters an order to the contrary, the information or material shall be treated as "Confidential."

4. The parties agree that no disclosure of such Confidential documents should occur except as necessary for the purposes of this litigation.

5. This Stipulation does not preclude the parties from using the above-described documents or information in depositions, court filings, or court proceedings, although the parties should make reasonable good faith efforts to limit their disclosure (such as using only the relevant page, if part of a larger document, and through redactions).

6. The parties agree that discovery documents produced that are not filed with the

Court which they seek to be covered by this Stipulated Confidentiality Agreement and Protective order shall be governed by the current law and guidance relating to confidentiality of discovery documents, including *Pansy v. Borough of Stroudsburg*, 23 F.2d 772 (3d Cir. 1994); and that any litigation documents filed or to be filed with the court, and documents used at trial, will be governed by the current law and guidance relating to confidentiality, including but not limited to *In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019).

7. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

So stipulated,

*/s/ Rhonda Brownstein*
Rhonda Brownstein (PA I.D. No. 46866)
Disability Rights Pennsylvania
1800 John F. Kennedy Boulevard
Suite 900
Philadelphia, PA 19103
T: 215-238-8070
RBrownstein@disabilityrightspa.org

*/s/ Su Ming Yeh*
Su Ming Yeh (PA I.D. No. 95111)
*/s/ Sarah Bellos*
Sarah Bellos (PA I.D. No. 327951)
Pennsylvania Institutional Law Project
718 Arch Street
Suite 304S
Philadelphia, PA 19106
T: 215-925-2966
smyeh@pilp.org
sbellos@pilp.org

*Counsel for Plaintiff*

*/s/ Alexander Ferrante*
Alexander Ferrante (PA I.D. No.  )
Gold and Ferrante, PC
716 N. Bethlehem Pike, Ste. 208
Lower Gwynedd, PA 19002
T: 215-782-5127
arf@goldferrantelaw.com
*Counsel for Defendants Wellpath LLC and Anthony Letizio*

*/s/ Matthew Skolnik*
Matthew Skolnik (PA ID No. 89423)
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103-2016
T: 215-560-2136
F: 717-772-4526
mskolnik@attorneygeneral.gov
*Counsel for Defendants Pennsylvania Department of Corrections, Laurel Harry, Ronald Long, and Steven Seitchik*

**APPROVED BY THE COURT:**

DATE:  May 2, 2024            */s/ Mitchell S. Goldberg*