IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRY HOPKINS,** *Plaintiff*, v. **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et. al.,** *Defendants*. | Civil Action No. 23-cv-986 |

# ORDER

**AND NOW**, this 7th day of February, 2025, I find as follows:

1. Plaintiff proceeds against the Pennsylvania Department of Corrections, Wellpath LLC, Doctor Anthony Letzio, and several DOC employees. The case involves the DOC's Medication Assisted Treatment program.

2. On November 17, 2024, I received a Suggestion of Bankruptcy and Notice of Stay for Defendant Wellpath Holdings, Inc. (captioned here as Wellpath, LLC) (S.D. Tx. 24-bk-90533). Although the automatic stay indicates that actions involving Wellpath were stayed in their entirety, I ordered briefing on whether, under Third Circuit precedent, I should extend the stay to the Non-Debtor Defendants. (ECF No. 71.)

3. Plaintiff has responded to that Order, explaining that he has not been provided "any evidence regarding indemnification agreements as to any Defendant" and that at a minimum, his claims for injunctive relief should proceed. (ECF No. 73 at 2.) Plaintiff has also explained he has submitted—pursuant to a process set out by the Bankruptcy Court—a request "that all claims except the damages claim against Wellpath be allowed to proceed, or in the alternative for

Wellpath to provide supporting documentation for its position as to why that is not appropriate." (Id.)  Defendant Dr. Letzio has explained that he is an "employee of Wellpath," has a "master-servant relationship with Wellpath," and would be "entitled to common law indemnification for claims against him."  (ECF No. 74 at 1 of 2.)  The DOC Defendants explain that because the Stay applies to Wellpath's customers—including the DOC—an adverse ruling against them may somehow "prejudice an affiliate of the debtor."  (ECF No. 75 at 1 of 2.)  These Defendants also identify cases from the Middle and Western Districts of Pennsylvania where the DOC and Wellpath entities were co-defendants and claims against them were stayed pursuant to the Bankruptcy Court's Order.  (Id.)

4. Taking all submissions into consideration, it is clear that there is an ongoing process—through the Bankruptcy Court—to determine whether claims against certain non-debtors, such as the DOC and Dr. Letzio, should be stayed.  To avoid duplicative work by the Parties and in the interests of judicial economy, I will stay this case pending the resolution of Plaintiff's current request to the Bankruptcy Court.

**WHEREFORE**, it is hereby **ORDERED** that:

- This matter is hereby **STAYED** pending the resolution of Plaintiff's request to the Bankruptcy Court.

- The October 16, 2024 Scheduling Order (ECF No. 63) is **SUSPENDED**.

- The Parties **SHALL** submit a joint status report within seven days of the resolution of Plaintiff's request.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**