IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRY HOPKINS,** | |
| *Plaintiff,* | Civil Action |
| *v.* | No. 23-cv-986 |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | |
| *Defendants.* | |

## **ORDER**

**AND NOW**, this 26th day of February, 2025, upon consideration of the Parties' Joint Status Report (ECF No. 78), I find as follows:

1. Plaintiff proceeds against the Pennsylvania Department of Corrections, Wellpath LLC, Doctor Anthony Letzio, and several DOC employees. The case involves the DOC's Medication Assisted Treatment ("MAT") program.

2. On November 17, 2024, I received a Suggestion of Bankruptcy and Notice of Stay for Defendant Wellpath Holdings, Inc. (captioned here as Wellpath, LLC) (S.D. Tx. 24-bk-90533). Although the automatic stay indicates that actions involving Wellpath were stayed in their entirety, I ordered briefing on whether, under Third Circuit precedent, I should extend the stay to the Non-Debtor Defendants. (ECF No. 71.) On February 7, 2025, after it became clear that the Parties were working with the Bankruptcy Court to determine whether any of Plaintiff's claims could proceed, I stayed the matter. On February 21, 2025, the Parties submitted a joint status report explaining that pursuant to a Stipulation and Order of the Bankruptcy Court, Plaintiff could "proceed with his claims for injunctive relief related to medical care." (ECF No. 78-1 at 3.)

1

3. Plaintiff's claim for injunctive relief requests: "[a]n injunction requiring Defendants to provide Plaintiff with agonist MOUD (buprenorphine) during his incarceration at the Department of Corrections." (Am. Compl. at 34.) Defendants note that in January 2025, the DOC instituted a new MAT policy which makes suboxone available to inmates. (ECF No. 78 at 3-5.) Defendants also explain that Plaintiff was "examined on February 18, 2025 . . . , qualified for suboxone [and] was immediately placed on it." (Id. at 5.)

4. These facts notwithstanding, Plaintiff still seeks to proceed with his claim for injunctive relief. Although Plaintiff acknowledges that he has been "approved to receive buprenorphine," he urges his claims are not moot because Defendants' "voluntary decision" does "not automatically moot [his] claims for injunctive relief." (Id. at 2.) In effect, Plaintiff argues that Defendants' revision of the complained-of policy cannot moot his claims at this time.

5. Defendants argue that because the policy has changed, and because Plaintiff is now receiving the treatment requested in his prayer for relief, the claim for injunctive relief should be dismissed as moot. In support, Defendants cite a decision from the Western District of Pennsylvania. (Id. at 5 (citing Day v. Harry, 23-cv-222 (W.D. Pa.) (ECF No. 117).) There, in a footnote, Judge Susan Paradise Baxter explained that because the Plaintiff was receiving buprenorphine, "it appears [the motion for injunctive relief] is moot at this time." (Id. at 4 n.1.)

6. Although Plaintiff's claim for injunctive relief appears to be moot, I will allow the Parties to submit 3-page letter briefs addressing the issue. See Hartnett v. Pa. State Educ. Assoc., 963 F.3d 301, 306 (3d Cir. 2020) ("One scenario in which we are reluctant to declare a case moot is when the defendant argues mootness because of some action it took unilaterally after the litigation began . . . . [Voluntary cessation] will moot a case only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

**WHEREFORE**, it is hereby **ORDERED** that **no later than March 19, 2025**, the Parties **SHALL** submit letter briefs, no greater than 3 pages in length, addressing whether Plaintiff's injunctive relief claims are moot and should thus be dismissed.

**BY THE COURT:**

  */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**